UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| IN RE APPLICATION OF THE )<br>UNITED STATES OF AMERICA FOR )<br>AN ORDER PURSUANT TO )<br>18 U.S.C. § 2703(d) )<br>) | Docket no. 23-mc-0030-AJ<br><br>**Filed Under Seal** |

AMENDED APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Google LLC, located in Mountain View, CA, to disclose certain records and other information pertaining to the email account(s): etoronih@gmail.com, lummiesque@gmail.com, jameshuges90@gmail.com, abdullahcleopatra@gmail.com, sandboro7@gmail.com, and anthonyosekaje@gmail.com, as described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1. Google LLC is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Google LLC to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of

competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3.  A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4.  The investigation concerns possible violations of, inter alia, 18 U.S.C. Section 1343 (wire fraud), and 18 U.S.C. Section 1956 (money laundering).

5.  From at least July of 2022, criminal actors communicated with victims in efforts to execute what is commonly referred to as a Pig Butchering scheme. Using various instant messaging platforms the criminal actors would direct victims to open accounts on a legitimate cryptocurrency exchange and subsequently transfer victims funds into a cryptocurrency wallet, provided by the criminal actors, via a cryptocurrency investment platform owned by the criminal actors. Once victims transferred their funds into the cryptocurrency wallet provided by the criminal actors, their accounts on the investment platform would show growth and the criminal actors would encourage the victims to continue investing. When the victims would initiate withdrawals from the criminal controlled wallets, they would be told that investment fees were required soliciting new victim funds into the criminal controlled wallets. If victims challenged the criminal actors on fees or the legitimacy of the investment claims, often times the criminal actors would cease communication

with the victims. Analysis of the criminal cryptocurrency wallets used to collect victim funds were traced to various legitimate cryptocurrency exchanges which maintained Know Your Customer identifying documents and information to included customer email addresses.

6. Email addresses anthonyosekaje@gmail[.]com, etoronih@gmail.com, lummiesque@gmail.com, jameshuges90@gmail.com, and abdullahcleopatra@gmail.com were provided with Know Your Customer information for the cryptocurrency exchange accounts where agents traced the victims' cryptocurrency. Sandboro7@gmail[.]com was provided with the domain registrar account for one of the fraudulent cryptocurrency websites,

### REQUEST FOR ORDER

7. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that Google be directed to produce all items described in Attachment A to the proposed Order.

8. The United States further requests that the Order require Google not to notify any person, including the subscribers or customers of the account(s) listed in Attachment A, of the existence of the Order until one year from the date of the Order. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither

public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, intimidate potential witnesses, or endanger the life or physical safety of an individual. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

9.    The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

JANE E. YOUNG
United States Attorney

Dated: May 5, 2023

By: /s/ Georgiana L. MacDonald
Georgiana L. MacDonald
Assistant United States Attorney